UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FULTON COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself and
all others similarly situated,

    Plaintiffs,

vs.

MGIC INVESTMENT CORPORATION, CURT
S. CULVER, J. MICHAEL LAUER BRUCE
WILLIAMS AND JOHN DRAGHI,

    Defendants.

Honorable Lynn S. Adelman

Case No. 08-C-0458

## BRIEF OF MGIC DEFENDANTS RELATING TO PLAINTIFF'S NON-DISPOSITIVE MOTION TO CORRECT ITS PROPOSED AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Defendants MGIC Investment Corporation, Curt S. Culver and J. Michael Lauer ("the MGIC Defendants") do not oppose Plaintiff's Motion To Correct Its Proposed Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("PAC"). Dkt Entry 80. Plaintiff properly now admits that Bruce Williams, not Curt Culver, made certain statements regarding C-BASS, including those described in paragraphs 83 and 174 of the PAC. The MGIC Defendants, however, file this response in order to correct the record regarding statements made in Plaintiff's motion and to invite further action by the Court.

In its motion to correct the PAC, Plaintiff contended that "In drafting the proposed Amended Complaint, Plaintiff relied on the Bloomberg transcript filed as Docket Entry 58-5, which Plaintiff attached to the proposed Amended Complaint as Exhibit A," Dkt 80, p. 1, and which Defendants Draghi and Williams had previously submitted to the Court in support of their motion to dismiss the Consolidated Class Action Complaint ("CCAC"). *Id*. However, the subject language of the PAC does <u>not</u> track the language in the Bloomberg transcript, Exhibit A.

Rather, it tracks the language of the Thomson transcript on which the Plaintiff, the MGIC Defendants and the Court initially relied and which identified Williams, not Culver, as making the statements at issue. Dkt Entry 62-9. In other words, Plaintiff used the words of the Thomson transcript but attributed them in the PAC to Culver, the speaker mistakenly denominated in the Bloomberg transcript, without disclosing this manipulation to the defendants or to the Court.

Specifically, the language in paragraph 174 of the PAC, tracks the Thomson transcript, Dkt Entry 62-9, word-for-word. Examples of the colloquy include:

> Wayne Smith: You mentioned the loan portfolio was $2.3 billion and I'm just looking at the presentation you guys gave for Radian's conference call in November and on that you had to break out as of September 30, 2006, . . . . It seems like $75 million on a $2.3 billion loan portfolio, the bulk of which is lower-end residuals, it just doesn't seem to make any sense given what the market has done. Can you just give me color on why it's so low.
> …
> Williams/Culver: Let me give you the categorizations. As I said, the securities portfolio is $2.3 billion. The BBB part of that portfolio is 18%. The A, AA, and AAA bucket is 4.5%. The BB is 30%, the B is 3.1%, the nonrated is 44.5%.

*See* PAC ¶174 and CCAC ¶ 227 (quoting Dkt Entry 62-9 at 24 of 37).

The recitation of the colloquy from the Bloomberg transcript in Plaintiff's Motion to Correct belies its contention that, in drafting the PAC, Plaintiff "relied on" that transcript. The same Q & A in the Bloomberg transcript contains words and punctuation quite different from those found in paragraph 174. The Bloomberg transcript reads as follows:

> Wayne Smith: You mentioned the loan portfolio was $2.3 billion and I'm just looking at the presentation you guys gave for the <u>rating</u> conference call in November<u>. And</u> on that<u>,</u> you had <u>a breakout</u> as of September 30, 2006, . . . . It seems like $75 million on a $2.3 billion loan portfolio, the bulk of which is lower-end residuals<u>. It</u> just doesn't seem to make any sense given what the market<u>s</u> [has done] <u>– c</u>an you just give me some color on why it's so low<u>?</u>
> …
> Culver: <u>I will give you the –</u> let me give you the categorizations. As I said, the securities portfolio is [$]2.3 billion. The BBB part of that portfolio is 18%. The <u>single</u> A, AA[,] and AAA bucket is 4.5%, the BB is 30%, the B is 3.1% <u>and</u> <u>un</u>rated is 44.5%.

Motion to Correct at 2-3 (quoting Proposed Amended Complaint, Exhibit A) (emphasis and brackets added to show differences).

The many highlighted differences show that Plaintiff plainly did not rely on Exhibit A when preparing its PAC. Because the words (and punctuation) relied on in paragraph 174 of the PAC are exactly the same as those of paragraph 227 of the CCAC, it is quite clear that Plaintiff simply changed the name of the speaker from Williams to Culver for purposes of preparing the PAC. Under the circumstances, the MGIC Defendants believe that the changes in the PAC, primarily paragraph 174, that attributed these statements to Culver were not made in good faith, and they request the Court to consider whether sanctions are appropriate pursuant to 28 U.S.C. §1927 for unreasonably and vexatiously multiplying these proceedings.

FOLEY & LARDNER LLP

s/ Bryan B. House
Bryan B. House
Max B. Chester
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.297.5554 (BBH)
414.297.5573 (MAXC)
414.319.7035 (WJK)
414.297.4900 (facsimile)

Jay N. Varon
FOLEY & LARDNER LLP
3000 K Street, N.W.,
Washington, DC 20007
202.672.5380 (JNV)
202.672.5399 (facsimile)

Attorneys for Defendants MGIC INVESTMENT CORPORATION, CURT S. CULVER and J. MICHAEL LAUER